UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLTON BRADSHAW, | § | No. 5:14-CV-619-DAE |
| TDCJ-CID NO. 1703357, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice – Institutional | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION,
(2) GRANTING RESPONDENT'S MOTION TO DISMISS, AND (3) DENYING
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT
TO 28 U.S.C. § 2254

Before the Court is a Report and Recommendation filed by Magistrate

Judge Pamela Mathy.  (Dkt. # 22.)  Petitioner Charlton Bradshaw ("Bradshaw")

has filed Objections to the Magistrate's Report and Recommendation.  (Dkt. # 26.)

Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition

without a hearing.  After careful consideration, and for the reasons given below,

the Court **ADOPTS** the Magistrate Judge's Report and Recommendation

1

(Dkt. # 22), **GRANTS** Respondent's Motion to Dismiss (Dkt. # 16), and **DENIES**

Bradshaw's Petition for Writ of Habeas Corpus (Dkt. # 1).

<u>BACKGROUND</u>

On March 1, 2011, Bradshaw was found guilty of capital murder by a

jury in the 186th District Court of Bexar County, Texas.  (Dkt. # 12-3, at 116–17.)

At trial, the State sought to enhance Bradshaw's punishment under the habitual

offender statute by alleging two prior felony convictions.  (Dkt. # 12-2, at 27–28.)

The trial court sentenced Bradshaw to life imprisonment.  (Dkt. # 12-3, at 116–17.)

On May 9, 2012, the Fourth Court of Appeals of Texas affirmed Bradshaw's

conviction in a non-published opinion.  <u>Bradshaw v. State</u>, No. 04-11-00173-CR,

2012 WL 1648218 (Tex. App.—San Antonio 2012, pet. ref'd).  On October 3,

2012, the Texas Court of Criminal Appeals refused Bradshaw's petition for

discretionary review.  <u>Bradshaw v. State</u>, No. PD-0665-12 (Tex. Crim. App.

Oct. 3, 2012).

On September 17, 2013, Bradshaw filed his first state habeas corpus

application challenging his conviction.  (Dkt. # 12-12.)  However, on January 8,

2014, the Texas Court of Criminal Appeals dismissed the application for failing to

comply with procedural rules.  (Dkt. # 12-12.)  Bradshaw then filed a second

habeas application on February 21, 2014.  (Dkt. # 12-15.)  The Texas Court of

Criminal Appeals denied this application without a written order on June 6, 2014.
(Dkt. # 12-16.)

On July 7, 2014, Bradshaw filed a federal habeas petition in this Court
pursuant to 28 U.S.C. § 2254.  (Dkt. # 1.)  Bradshaw's pro se petition appears to
allege the following: (1) the trial court violated his right to a public trial by
excluding his family and the public from the courtroom during jury selection;
(2) the Fourth Court of Appeals erred in finding sufficient evidence of his guilt;
(3) ineffective assistance of trial counsel by failing to object to the exclusion of his
family and the public during jury selection; (4) ineffective assistance of trial
counsel by failing to contact and interview Juan Herrera and Calvin Beard;
(5) ineffective assistance of trial counsel by failing to present exculpatory
evidence; (6) ineffective assistance of trial counsel by failing to impeach witness
Tiffany Barnett; (7) ineffective assistance of counsel by failing to interview alibi
witnesses; (8) the prosecution committed perjury, misstated the law, erred by
vouching for a witness, used inflammatory, misleading, and inadmissible evidence,
and failed to investigate inconsistencies in testimony; (9) ineffective assistance of
trial counsel by failing to properly object and preserve error; (10) ineffective
assistance of appellate counsel by stating the Bradshaw intended to rob the victim,
and failing to challenge the sufficiency of the evidence; (11) appellate counsel
denied him his right to another attorney; (12) his conviction is a fundamental

3

miscarriage of justice; (13) he is actually innocent of capital murder; (14) the State failed to prove intent; and (15) the evidence was insufficient to prove guilt.  (Dkt. # 1.)

On August 25, 2014, Bradshaw filed a brief in support of his petition. (Dkt. # 7.)  On December 16, 2014, Respondent William Stephens filed a Motion to Dismiss Bradshaw's petition.  (Dkt. # 16.)  Bradshaw filed a reply on January 30, 2015.  (Dkt. # 20.)  On February 6, 2015, United States Magistrate Judge Pamela Mathy issued a Report and Recommendation recommending that this Court grant Respondent's motion and deny Bradshaw's petition.  (Dkt. # 22.)  On March 3, 2015, Bradshaw filed objections to the Report and Recommendation. (Dkt. # 26.)

## LEGAL STANDARD

I.   Review of a Magistrate Judge's Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous,

4

conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.    Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

Under the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"), a state prisoner may not obtain relief with respect to a claim adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d).

A decision is clearly contrary to established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. William v. Taylor, 529 U.S.

5

362, 405–06 (2000).  Relief is only available if the state court applied clearly

established federal law unreasonably; a Petitioner is not entitled to relief if the state

court merely did so erroneously or incorrectly.  Id.  The only way a state prisoner

may show that a state court unreasonably applied clearly established federal law is

by showing that there was no reasonable basis for the state court's decision.

Cullen v. Pinholster, 563 U.S. 170, 187 (2011).

        A federal habeas court may overturn a state court's application of

federal law only if it is so erroneous that "there is no possibility fairminded jurists

could disagree that the state court's decision conflicts with [Supreme Court]

precedent."  Harrington v. Richter, 562 U.S. 86, 101 (2011).  Section 2254(d)

imposes a "highly deferential standard for evaluating state-court rulings, which

demands that state-court decisions be given the benefit of the doubt."  Woodford v.

Viscotti, 537 U.S. 19, 24 (2002).  Generally, a state court's factual findings must

be presumed to be correct and can only be rebutted by clear and convincing

evidence.  28 U.S.C. § 2254(e)(1).  Review under § 2554(d) is limited to the record

that was before the state court that adjudicated the claim on the merits.  Woodford,

537 U.S. at 24.

## DISCUSSION

        Respondent's motion to dismiss argues that Bradshaw's petition for

habeas relief is time-barred pursuant to 28 U.S.C. § 2244(d).  (Dkt. # 16.)  Section

2244(d) imposes a one-year statute of limitations on state prisoners filing habeas petitions. 28 U.S.C. § 2244(d). Respondent contends that the statute of limitations expired on January 2, 2014, one calendar year after January 2, 2013, the date Bradshaw's judgment became final. (Dkt. # 16, at 7.) Respondent argues that Bradshaw's judgment was final on January 2, 2013, because the Court of Criminal Appeals refused Bradshaw's petition for discretionary review on October 3, 2012, and Bradshaw then had ninety days, or until January 2, 2013, to file a petition for writ of certiorari to the United States Supreme Court, but did not file one. (Id.) Therefore, according to Respondent, Bradshaw's statute of limitations expired on January 2, 2014. (Id.) Respondent also argues that Bradshaw's limitations period was not subject to any tolling. (Id.)

Under the AEDPA, the one year required to file a federal petition for habeas corpus relief after final judgment may be tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending." 28 U.S.C. § 2244(d)(2). Additionally, the Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 2010). The determination of whether "exceptional circumstances" exists is determined on a case-by-case basis. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

7

A review of the record indicates that Bradshaw's disciplinary action became final, and his limitation period began to run, not later than January 2, 2013, ninety days subsequent to the Court of Criminal Appeal's refusal of his petition for discretionary review.  And because he did not timely, if ever, file a petition for writ of certiorari to the United States Supreme Court, the AEDPA's one-year deadline for the filing of Bradshaw's federal habeas corpus petition therefore expired on January 2, 2014.  However, Bradshaw's petition was not received by the Clerk of this Court until July 7, 2014.  (<u>See</u> Dkt. # 1.)  Accordingly, without any grounds for equitable or statutory tolling, Bradshaw's petition is time-barred.

Bradshaw, however, objects to the Magistrate Judge's Report and Recommendation on the following five grounds, each discussed in turn below.

I.    <u>Confiscation of Legal Work</u>

In his first objection to the Magistrate Judge's Report and Recommendation, Bradshaw argues that the confiscation of his legal paperwork entitles him to equitable tolling.  (Dkt. # 26, at 4.)  He contends that on July 15, 2013, his legal paperwork relevant to this case was confiscated and that it was not returned to him until November 5, 2013.  (<u>Id.</u>)  Nevertheless, this circumstance is not sufficient to equitably toll the limitations period.  The record demonstrates, and Bradshaw has admitted, that his relevant legal papers were returned to him two months prior to the expiration of the statute of limitations.  Furthermore,

8

Bradshaw's petition was filed almost eight months subsequent to his return of the paperwork, and six months subsequent to the expiration of the statute of limitations. Such circumstances are not "extraordinary" for purposes of equitably tolling the statute of limitations in this case. Bradshaw's objection on this ground is overruled.

II.   Second State Habeas Application

Bradshaw further objects to the Magistrate Judge's conclusion that even if tolling were applied in his case, his federal habeas petition would still be untimely. (Dkt. # 26, at 6.) As the basis for his argument, Bradshaw contends that he waited 119 days, or until February 11, 2013, for the Court of Criminal Appeals to rule on his motion for rehearing regarding its decision on his petition for discretionary review. (Id. at 7.) Bradshaw agrees that he would have ninety days, or until May 13, 2013, until his conviction became final, and that his limitations period would therefore expire on May 13, 2014. (Id.) Bradshaw states that while his first state habeas application was denied on procedural grounds, which would not toll the limitations period, his second state habeas application was properly filed and thus tolled the limitations period for the filing of his federal petition for writ of habeas corpus. (Id.)

Bradshaw's contention is incorrect. Bradshaw filed his second state habeas application on February 21, 2014, after the limitations period under

9

§ 2244(d)(2) to file his federal petition expired on January 2, 2014. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired." (emphasis in original)). Therefore, his second state habeas application had no bearing on the timeliness of his federal application. Once the federal limitations period expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008). Accordingly, Bradshaw's objection on this ground is overruled.

III.    Newly Submitted Evidence

        Bradshaw also objects the Magistrate Judge's conclusion that "Bradshaw has not demonstrated that more likely than not, in light of newly submitted evidence, no juror would find him guilty beyond a reasonable doubt." (Dkt. # 22, at 17.) Bradshaw contends that the Court should apply equitable tolling because newly submitted evidence supports a finding that he was in fact not guilty. (Dkt. # 26, at 10.)

        The Supreme Court has recently recognized an equitable exception to the presentation of claims barred by the AEDPA's statute of limitations where a petitioner can demonstrate his actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1935 (2013). Demonstration of innocence under this test means that it is more likely than not that no reasonable juror would have convicted the petitioner

10

in light of the new evidence.  <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).  In

determining "actual innocence," a federal district court is not bound by the rules of

admissibility that govern at trial and instead may consider the probative weight of

evidence that was either excluded or unavailable at trial.  <u>Id.</u> at 327–28.  Types of

new reliable evidence that may be considered include exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence that was

not presented at trial.  A habeas court must consider all evidence, both old and

new, incriminating and exculpatory.  <u>House v. Bell</u>, 547 U.S. 518, 537 (2006).

The <u>Schlup</u> standard does not require absolute certainty about a petitioner's guilt or

innocence.  <u>Id.</u> at 538.

   Bradshaw has not presented sufficient evidence that would equitably

toll the limitations period in this case.  Bradshaw relies on what he considers to be

new evidence that his trial counsel's notes indicate that jurors could not agree on

who actually did the stabbing—Bradshaw or his accomplice.  (Dkt. # 26, at 9.)

However, the trial notes, included in Bradshaw's evidence, indicate that while the

jurors stated that they could not agree on who actually did the stabbing, it was of

no consequence because they both participated, and thus were both guilty under the

law.  (Dkt. # 20, at 23.)  This is not sufficient evidence of Bradshaw's actual

innocence that would allow equitable tolling in his case.  Neither is the trial

testimony of witnesses who Bradshaw contends prove his actual innocence—this

testimony cannot be considered newly discovered evidence. (Dkt. # 26, at 8–14.) Bradshaw has not demonstrated that the <u>Schlup</u> exception would apply to his case. Therefore, this objection is overruled.

## IV.  Hearing

Bradshaw also objects to the Magistrate Judge's recommendation that he is not entitled to an evidentiary hearing on his petition. (Dkt. # 26, at 15.) Bradshaw's objection is meritless. The Supreme Court has held that it is inappropriate for federal courts to conduct evidentiary hearings on § 2254(d) petitions because federal habeas review under that statute "is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Cullen</u>, 563 U.S. at 187. While it is true that a narrow exception within AEDPA allows for evidentiary hearings, the Supreme Court explained that the exception is focused on "limiting the discretion of federal district courts to hold hearings." <u>Id.</u>  Because Bradshaw's claims are time-barred, the Magistrate Judge was correct in denying Bradshaw's request for an evidentiary hearing on his § 2254(d) petition. <u>See</u> <u>McCamey v. Epps</u>, 658 F.3d 491, 497 (5th Cir. 2011). Accordingly, Bradshaw's objection is overruled.

## V.  Certificate of Appealability

Bradshaw also objects to the magistrate judge's recommendation that he is not entitled to a certificate of appealability ("COA"). Under the AEDPA,

before a petitioner may appeal the denial of a habeas corpus petition filed under

§ 2254, the petitioner must obtain a COA.  <u>Miller–El v. Johnson</u>, 537 U.S. 322,

335–36 (2003); 28 U.S.C. § 2253(c)(2).  Likewise, under the AEDPA, appellate

review of a habeas petition is limited to the issues on which a COA is granted.  <u>See</u>

<u>Crutcher v. Cockrell</u>, 301 F.3d 656, 658 n. 10 (5th Cir. 2002) (holding that a COA

is granted on an issue-by-issue basis, thereby limiting appellate review to those

issues).

   A COA will not be granted unless the petitioner makes a substantial

showing of the denial of a constitutional right.  <u>Tennard v. Dretke</u>, 542 U.S. 274,

282 (2004).  To make such a showing, the petitioner need not show he will prevail

on the merits, but rather must demonstrate that reasonable jurists could debate

whether (or, for that matter, agree) the petition should have been resolved in a

different manner or that the issues presented are adequate to deserve

encouragement to proceed further.  <u>Id</u>.  This Court is required to issue or deny a

COA when it enters a final Order such as this one adverse to a federal habeas

petitioner.  Rule 11(a), Rules Governing Section 2254 Cases in the United States

District Courts.

   The showing necessary to obtain a COA on a particular claim depends

on the manner in which the District Court disposed of the claim.  "[W]here a

district court has rejected the constitutional claims on the merits, the showing

13

required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard, 542 U.S. at 282.  In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Reasonable minds could not disagree over this Court's conclusions that Bradshaw's federal habeas corpus petition is untimely under § 2244(d), and that Bradshaw is not entitled to the benefits of the doctrine of statutory or equitable tolling in this case.  Bradshaw is therefore not entitled to a Certificate of Appealability on any of his claims herein.  This objection is overruled.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 22), **GRANTS** Respondent's Motion to Dismiss (Dkt. # 16), and **DENIES** Bradshaw's Petition for Writ of Habeas Corpus (Dkt. # 1).  The Court **DENIES** a certificate of appealability in this case.

14

**IT IS SO ORDERED**.

**DATED**:  San Antonio, Texas, September 21, 2015.

_____
David Alan Ezra
Senior United States Distict Judge